### PUNISHMENT FOR CONTEMPT.

Circuit Court of Cuyahoga County.

### S. A. GROSSNER v. STATE OF OHIO. *

Decided, November 14, 1910.

*Criminal Law—Re-sentence—Accused Having Served Part of Original Erroneous Sentence.*

1. Matters of record in the trial court of which it takes judicial notice must be embodied in a bill of exceptions to be considered by a reviewing court.
2. It is no objection to a re-sentence of one whose first sentence has been reversed by a reviewing court and the cause remanded for re-sentence, that the plaintiff in error has suffered some part of the original erroneous sentence.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff in error, who is an attorney at law, was, by order of the court of common pleas, enjoined from proceeding with certain cases in which he was attorney before a justice of the peace. He violated the order and proceeded with and obtained judgment in a number of the cases. Being brought before the court in proceedings in contempt, he was found guilty and sentenced to be imprisoned in the county jail for ten days. He was further ordered to cause said judgments so taken before a justice of the peace to be vacated, and in default of so doing, that after the expiration of said imprisonment for ten days, he be confined in the county jail until he should so comply, or be otherwise discharged by due course of law. To this judgment and order he prosecuted error to this court. Before we proceeded to the hearing we required that he should cancel his judgments before the justice of the peace, which he did. The error proceeding was then heard in this court, which found that there was error in the sentence, in that the court was without authority of law to commit the accused to prison, and the order made was

---

*Affirmed without opinion, *Grossner* v. *State*, 86 Ohio State, 318.

that the judgment of sentence be reversed and the case remanded to the court of common pleas for judgment and resentence in accordance with Section 5581, Revised Statutes. Thereupon, said last named court sentenced him to pay a fine of $200 and in default thereof sentenced him to be committed to close confinement in the jail of said county until he shall comply with said order or be otherwise discharged by due course of law, and error is now prosecuted here to said last named sentence.

The section under which the order of this court directed sentence to be pronounced, so far as it authorizes sentence for contempt, reads:

"And such party may be required by the court or judge to pay a fine not exceeding $200, for the use of the county, to make immediate restitution to the party injured, and to give further security to obey the injunction and, in default thereof, he may be committed to close custody until he complies with such requirement or is otherwise legally discharged."

It will be noticed that the sentence now under consideration conforms exactly with the statute and therefore that the court did just what the mandate of this court required should be done. It would seem to follow necessarily, that, if there is any error in the matter, it can be traced readily and directly to this court rather than to the court of common pleas. The order of this court was in full force when such sentence was pronounced, and still remains in full force.

It is urged, however, that before said last sentence was pronounced, the plaintiff in error had served a part of the term of imprisonment imposed by the erroneous sentence, and that therefore no new sentence, imposing other punishment, could be imposed.

We look in vain to the record to find the fact of any imprisonment having been suffered by plaintiff in error, under such sentence. If that fact were material in determining the question before us, it could easily have been brought into this record. Either evidence of the fact could have been submitted to the court at the time of the sentence, and embodied in a bill of exceptions, or if it was a fact of which that court would have

taken judicial notice, as is contended here, that should have been made to appear by record, and brought to this court.

If it be contended that a reviewing court is to take judicial notice of all the trial court is bound to take judicial notice of, the contention can not be upheld. A familiar example of this is found in cases where prosecutions are held before a police court for the violation of municipal ordinances. The police court will take judicial notice of the ordinances of the municipality, but the reviewing court will not do so, and the ordinance must be brought by proper record into the reviewing court before that court will reverse because of anything that depends upon such ordinances; if this were not so, the Supreme Court of the state would be required to take judicial notice of the ordinances of every municipality in the state, which would be an impossibility.

Where error proceedings are prosecuted in such cases the court will presume, in the absence of any record to the contrary, that the trial court did not err as to the construction and application of the ordinance, unless it be that the ordinance relied on is one which the municipality was without authority of law to pass. As for instance, that one is prosecuted and convicted of doing some act which could not be in violation of any valid ordinance.

These distinctions have been pointed out in various cases in this court. See *Nelson* v. *Berea*, 21 C. C., 781.

But, it is said, this court should look to an affidavit filed here, showing that plaintiff in error had suffered imprisonment under the first sentence.

We know of no provision of law, or precedent, which would authorize us to take this affidavit into consideration, and we have not done so.

But we are of opinion that whether the party had suffered some part of the punishment inflicted by the first sentence or not, the trial court was not without power to sentence after the case was remanded, exactly as it could have sentenced in the first instance.

The case of *Lee* v. *State*, 35 Ohio St., 113, is not in conflict with this view. In that case, when the court came to re-sen-

tence, no part of the punishment inflicted by the first sentence had been suffered, and that fact is mentioned in the opinion, and in the syllabus; but it does not follow that even in that case, where the court of its own motion and at the same term in which the original sentence was pronounced vacated such sentence and pronounced a new sentence, the court might not have pronounced such new sentence, even though some part of the first had been carried out.

If the contention of the plaintiff in error is sound, it would easily result in consequences too absurd to be seriously considered.

To illustrate: One might be convicted of the crime of manslaughter; the court might erroneously sentence to imprisonment for life. Upon proceedings in error being prosecuted, the judgment of sentence would be reversed and the case remanded for re-sentence, the court then pronouncing sentence that the defendant be imprisoned for the period of five years. It is needless to speculate on whether such sentence would be reversed on proceedings in error. No one would ever have the hardihood to bring such proceedings, even though, before the judgment of reversal, the prisoner had suffered months of imprisonment under the first sentence, before the reversal of the first sentence.

Judgment affirmed.